IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLIE B. BUSH JR., | ) | 4:09CV3222 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RICHARD THOMAS, and | ) | |
| LANCASTER COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on October 29, 2009. (Filing No. 1.) At the time of the filing of his Complaint, Plaintiff was a prisoner. (*Id.*) Plaintiff has since been released, and has recently been given leave to proceed in forma pauperis as a non-prisoner. (Filing No. 11.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on October 29, 2009, against officer Richard Thomas ("Thomas") and the Lancaster County Jail. (Filing No. 1 at CM/ECF p. 1.) Plaintiff was confined at the Lancaster County Jail in Lincoln, Nebraska, but has been released since the filing of the Complaint and is not currently incarcerated. (*Id.*; Filing No. 7.)

Condensed and summarized, Plaintiff alleges that Thomas "harassed" him by testifying falsely and withholding information during Plaintiff's disciplinary hearing. (Filing No. 1 at CM/ECF p. 3.) As a result of Thomas' testimony, Plaintiff "was found guilty of . . . sexual harassment." (*Id.* at CM/ECF p. 2.) Plaintiff was given "10 days in the hole and lost [sic] of 7 days good time." (*Id.* at CM/ECF pp. 2-3.)

Plaintiff seeks "$600 dollars for 10 day in the hole and $820 for his 7 day lost of good time, and 3,000 dollars for his pain, and suffring." (*Id.* at CM/ECF p. 5.)  Plaintiff seeks only these monetary damages.

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege that Defendant took his "good time" and disciplined him using segregated confinement in violation of the Due Process Clause.

2

A.    *Segregated Confinement Claim*

"An inmate who makes a due process challenge to his segregated confinement 'must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (quoting *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000)).  Further, the Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Id.* (collecting cases). Where a prisoner fails to allege a liberty interest, fails to "describe [the] conditions of" his segregated confinement, and fails to "allege that those conditions were atypical and significant hardships in relation to the ordinary incidents of his prison life," the complaint may be dismissed on initial review.  *Id.*

Here, Plaintiff complains that his punishment of "10 days in the hole" for sexual harassment violates due process.  (Filing No. 1.)  However, Plaintiff does not allege any liberty interest. Plaintiff also does not allege anything with respect to the conditions of his 10-day segregated confinement or that these conditions constituted "an atypical and significant hardship."  Thus, Plaintiff has failed to state a claim upon which relief may be granted and his due process claims based on the 10 days of segregated confinement are dismissed.

B.    *Loss of Good Time Claim*

The Eighth Circuit has held that the removal of a prisoner's good time credits in a disciplinary hearing implicates a liberty interest protected by the Due Process Clause.  *Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974)).  However, a state prisoner who seeks restoration of good time should do so through a writ of habeas corpus, which requires exhaustion of state remedies.  *Offet v. Solem*, 823 F.2d 1256, 1258 (8th Cir. 1987). Where a prisoner does not seek the restoration of good time credits, but seeks only

money damages, the same rules apply.  As set forth by the Eighth Circuit:

> Portley-El seeks damages for two prison disciplinary rulings that deprived him of forty-five days of good time credits.  In the district court, he sought restoration of those credits and other relief.  In *Edwards v. Balisok*, 520 U.S. 641, 643-44, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Court applied *Heck* to a § 1983 damage action in which the inmate did not seek restoration of good time credits to avoid being out of court under *Preiser*.  Thus, *Edwards* confirms that Portley-El's due process damage claim would be *Heck*-barred even if he had never requested restoration of his good time credits.  Under *Heck*, "we disregard the form of relief sought and instead look to the essence of the plaintiff's claims."  *Sheldon* [*v. Hundley*], 83 F.3d [231, ] 233 [8th Cir. 1996].  Because Portley-El seeks damages for the imposition of discipline that included the loss of good time credits, his damage claim challenges "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and is *Heck*-barred.

*Portley-El*, 288 F.3d at 1067.

Plaintiff has been released, and seeks only money damages rather than the restoration of good-time credits.  However, as set forth above, the "form of relief" is irrelevant.  Plaintiff seeks damages for the imposition of discipline and if this court awarded Plaintiff the relief he seeks, it would render his prison sentence (that was made longer by the sexual harassment discipline) invalid.  Thus, Plaintiff's loss of good time credits claim is *Heck*-barred and he may not proceed on that claim unless he first invalidates his prison sentence in a habeas corpus or similar proceeding.[1]

---

[1]Plaintiff has been released from custody. (Filing No. 7.)  However, a future habeas claim for the wrongful imposition of discipline is not moot because there remains a "collateral consequence" of the discipline.  In particular, the foreclosure of Plaintiff's separate civil rights damages (until he invalidates the discipline) is a sufficient collateral consequence.  *Leonard v. Nix*, 55 F.3d 370, 373 (8th Cir. 1995) ("Post-release financial claims dependent on the legality of conviction may be stayed

Accordingly, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in such a proceeding.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in accordance with this Memorandum and Order.

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

pending review of the conviction, or, as to section 1983 claims after *Heck*, may not accrue until habeas proceedings conclude; but in neither case are they mooted by release.

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.